## HAYES v. UNITED STATES.
### No. 9129.

Circuit Court of Appeals, Eighth Circuit.
Sept. 8, 1931.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard, of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

STONE, Circuit Judge.

This is an appeal from a conviction on two counts of an indictment, containing three counts, each for a separate sale of narcotics.

Appellant urges here three matters, which are insufficiency of the indictment, error in admission of evidence, and error in refusal to charge.

## I. Indictment.

Each of the two counts of the indictment upon which there was conviction was in the same form and charged a sale of morphine as "about one ounce of morphine, said morphine not being in or from the original stamped package." The attack upon each of these counts of the indictment is based upon the contention that it is defective because there is not inserted in the above quotation between the words "not" and "being" words such as "then and there." The language of the charge in the indictment clearly indicates that the morphine, at the time of the sale, was not taken from an original stamped package, and is entirely sufficient.

## II. Evidence.

Objection is made to four pieces of evidence which have to do with conversations between the government agents and helpers and the informer. The first of these is in testimony of the informer to the effect that a government agent had asked him if he could buy something from defendant. While more evidence is set forth in this assignment of error, that is the only part which is argued here. The second piece of evidence occurs in the testimony of one of the government agents and refers to the transactions leading up to the sales. The gist of this testimony is that the agent went to the house of the informer upon the two dates of the sales and requested the latter to call the defendant over the telephone and make arrangements for the purchase of the morphine. The third piece of evidence occurred in the testimony of Dr. De Laguardie, another one of the government agents. This agent was watching the transaction of the second sale, and during that testimony he stated that he had been informed by another government agent that a purchase of narcotics, from defendant by the informer, would take place at a certain place in a Buick car, and that, while watching for this car, his wife, who was with him in his car, looked through the rear of the car and said "it [meaning the Buick car] is coming." The fourth piece of evidence occurred in the testimony of narcotic agent Stuart, and relates to the count upon which defendant was found not guilty, and refers to conversations between that agent and another informer in connection with arrangements to procure a sale from defendant. All of these pieces of evidence, except that of Dr. De Laguardie, had to do merely with the preparations and the plan of the agents with the informer to procure these sales. They constitute a part of the preliminaries of the transactions here involved, and they go no farther. They were entirely competent. The evidence objected to in the testimony of Dr. De Laguardie is obviously proper. It explained why he was present and what he was doing. It amounted to no more than that he was to look out for a Buick car containing defendant, which would appear at a certain time and in which the agents believed the sale would take place. The warning from his wife of the approach of that car, of course, was proper. Also it may be noted that one of these assignments related solely to the count upon which defendant was acquitted.

## III. Refused Instruction.

Error is predicated on the refusal of the request following: "You are instructed that since the defendant, Fred W. Hayes, is in law presumed to be innocent until proven

guilty beyond a reasonable doubt, the jurors are bound to commence their consideration of the evidence in this case by presuming that said defendant did not do the things charged in the indictment in its several counts or any of them."

The court abundantly covered, in his charge, the matter of the presumption of innocence. In fact, he did this repeatedly. Of course, it is no error to refuse a request in the words requested if the substance of the request, in so far as it may be proper, is contained in the charge.

There is no force in any of the urged errors, and the judgment should be and is affirmed.